IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHAEL DAVE HARBOUR**              **PLAINTIFF**

VS.              NO. 2:13cv280-KS-MTP

**CLARKE COUNTY, MISSISSIPPI;
TODD KEMP, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY AS SHERIFF OF
CLARKE COUNTY; BARRY WHITE, IN
HIS INDIVIDUAL AND OFFICIAL
CAPACITY; SHANE HARPER, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY;
TINA HARBOUR; AND JOHN DOES 1-10**             **DEFENDANTS**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 23 2013
J. T. NOBLIN, CLERK
BY_____DEPUTY

**JURY TRIAL DEMANDED**

**COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW PLAINTIFF, Michael Dave Harbour, and sues the Defendants, Clarke County, Mississippi; Todd Kemp, In His Individual and Official Capacity as Sheriff of Clarke County, Mississippi; Barry White, In His Individual and Official Capacity; Shane Harper, In His Individual and Official Capacity; Tina Harbour, and John Does 1- 10, jointly and severally, individually, and in their representative capacities, for compensatory and punitive damages and injunctive relief for conspiracy to violate and for violation of plaintiff's constitutional rights as guaranteed by the 4th, 8th and 14th Amendments of the Constitution of the United States, for personal injuries, and physical and emotional distress, all arising from the false arrest, false imprisonment, malicious prosecution, etc. of Mr. Harbour on Christmas Day, 2013, and thereafter while he was trying to exercise his visitation rights with his children. In support thereof, Plaintiff shows as follows, to-wit:

**PARTIES**

**1.**

The Plaintiff, Michael Dave Harbour, hereinafter sometimes referred to as "Mr. Harbour" is an adult resident citizen of and residing in Mobile County, Alabama at 15931 Dauphin Island Parkway, Coden, Alabama 36523.

**2.**

The Defendant Clarke County, Mississippi is a county organized and formed under Mississippi law, whose agent for service of process is Tony Fleming, the President of the Board of Supervisors for the County, who may be served with process at 100 East Church Street, Quitman, Mississippi 39355.

**3.**

The Defendant, Todd Kemp, is and was at all times relevant the Sheriff of Clarke County, Mississippi. He is an adult resident citizen of Clarke County, Mississippi, and does not suffer under a legal disability. He is sued individually, personally and in his official capacity. The defendant, Todd Kemp, acting as Sheriff, empowered, deputized, and authorized the defendants, Shane Harper and Barry White, as agents, servants and/or employees of the Clarke County Sheriff's Department and all were acting as such on the date and time of this occurrence. They are and were at all times relevant, agents, servants, and/or employees of Clarke County and Sheriff Kemp. Sheriff Kemp may be served with process at 101 S. Archusa Avenue, Quitman, Mississippi, 39355.

**4.**

The Defendant, Barry White, is and was at all times relevant an employee of the Sherriff's Department of Clarke County, Mississippi. He is an adult resident citizen of Clarke County, Mississippi, and does not suffer under a legal disability. He is sued individually,

personally and in his official capacity. The defendant, Todd Kemp, acting as Sheriff, empowered, deputized, and authorized the defendants, Shane Harper and Barry White, as agents, servants and/or employees of the Clarke County Sheriff's Department and all were acting as such on the date and time of this occurrence. They are and were at all times relevant, agents, servants, and/or employees of Clarke County and Sheriff Kemp. Defendant White may be served with process at 101 S. Archusa Avenue, Quitman, Mississippi, 39355.

5.

The Defendant, Shane Harper, is and was at all times relevant an employee of the Sherriff's Department of Clarke County, Mississippi. He is an adult resident citizen of Clarke County, Mississippi, and does not suffer under a legal disability. He is sued individually, personally and in his official capacity. The defendant, Todd Kemp, acting as Sheriff, empowered, deputized, and authorized the defendants, Shane Harper and Barry White, as agents, servants and/or employees of the Clarke County Sheriff's Department and all were acting as such on the date and time of this occurrence. They are and were at all times relevant, agents, servants, and/or employees of Clarke County and Sheriff Kemp. Defendant Harper may be served with process at 101 S. Archusa Avenue, Quitman, Mississippi, 39355.

6.

The Defendant, Tina Harbour, was at all times relevant, and is now an adult resident citizen of Clarke County, Mississippi, suffers under no legal disability, and resides in The Town of Enterprise, Clarke County, Mississippi, where she may be served at her personal residence.

## JURISDICTION

### 7.

Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1343. Venue in this Court is appropriate under 28 U.S.C. § 1391.

## FACTS

### 8.

On February 12, 2012, the Chancery Court of Pike County, Mississippi entered a Custody Order in the matter of Dave Harbour v. Tina Harbour, Pike County Chancery Court cause number 2010-225. The Order granted custody of the parties' children, AH and HH, to Mrs. Harbour and awarded specified visitation to Mr. Harbour, including that in even numbered years Mr. Harbour would have the children in his custody from 12:00 noon on Christmas Day until the day before school resumed.

### 9.

On August 9, 2012, the Chancery Court in said cause entered a Temporary Order that provided that Mr. Harbour would thereafter pick the children up for visitation at Mrs. Harbour's residence in Clarke County, Mississippi.

### 10.

During the summer and fall of 2012, Mr. and Mrs. Harbour exchanged the children for visitation at Mrs. Harbour's residence in Clarke County.

### 11.

In September, 2012, Deputy Harper confronted Mr. Harbour on the public right of way at the end of Mrs. Harbour's driveway. Mr. Harper was in uniform and operating a patrol car. Mr. Harbour was having difficulty getting his children for visitation. Mr. Harbour told Mr. Harper that these Court Orders provided for him to get his children at Mrs. Harbour's residence. Deputy

Harper told Mr. Harbour that he could not get his children for visitation, that the Clarke County Sheriff's Department does not enforce Chancery Court orders, and he ordered Mr. Harbour to get in his car and "leave Clarke County and don't come back".

12.

A number of visitation exchanges were made at Mrs. Harbour's residence in the period after that and until Christmas.

13.

On Christmas Day, 2012, the Harbour family planned to celebrate Christmas in the evening at Summit, Pike County, Mississippi at Mr. Harbour's parents' home. At noon on Christmas Day, Mr. Harbour arrived, with presents for the children, at Mrs. Harbour's residence to pick up the children. Mrs. Harbour and the children were not at the home, so Mr. Harbour called Mrs. Harbour. She was at a gathering with the children at her parents' home nearby. At the end of the conversation, Mrs. Harbour said she would bring the children to her house.

14.

Thereafter, Barry White arrived, in uniform and in a patrol car. Mr. Harbour explained that he was there to get his children for court-ordered visitation; that the Court orders provided for him to get his children at Mrs. Harbour's residence in Clarke County on Christmas Day at noon. Previously, in 2010, Barry White called Mr. Harbour while he was in Clarke County and told him that he was not getting his children and to leave Clarke County. Without probable cause and with malice, Barry White cuffed and arrested Mr. Harbour for Trespass, took him to jail and had him locked in a cell, where he stayed until late the next morning when a decision was made to release Mr. Harbour on a personal recognizance bond.

15.

Mr. Harbour was charged with Trespassing and the case concluded in June, 2013 with a termination in favor of Mr. Harbour.

**16.**

The Defendants conspired with one another to deprive Mr. Harbour of his rights under existing Chancery Court orders and of his other constitutional rights, including violation of due process and equal protection under the law.

**17.**

While detained in the Clarke County jail facility, Mr. Harbour observed some of the apparent jail policies, procedures, and customs, or lack thereof, the conditions of confinement and inadequate medical and mental health care. He also communicated with other detainees and inmates about the conditions and inadequate medical and mental health care.

**18.**

Mr. Harbour advised Mr. White and the intake personnel that he suffered from severe depression and anxiety and was taking medicine prescribed for those conditions. Defendants denied Mr. Harbour his medications.

**19.**

The problems include, but are not limited to:

1. Inadequate training and supervision of jail personnel

2. Lack of proper intake procedures resulting in failure to identify the relevant medical history, current physical and mental health status of persons; current treatment and prescription needs;

3. Failure to evaluate and treat physical and mental health conditions;

4. Exposing prisoners to an unsafe and illegal environment;

5. No or inadequate access to legal research and writing resources;

6. Irregular and infrequent access to exercise;

7.  The Holy Bible is distributed to cells by authorities, but other books, including religious ones are not; and

8.  Other constitutionally inadequate conditions.

## CAUSES OF ACTION

### COUNT I – FALSE ARREST AND MALICIOUS PROSECUTION

**20.**

The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

**21.**

Plaintiff would show unto the Court that the Defendants arrested him falsely, unlawfully, maliciously, and without probable cause.

**22.**

Plaintiff would show unto the Court that the Defendants detained the Plaintiff, and said detainment was unlawful.

**23.**

As a direct and proximate result of Defendants' acts of malice and reckless disregard, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial herein.

### COUNT II - MALICIOUS PROSECUTION AND ABUSE OF PROCESS

**24.**

The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

**25.**

Plaintiff would assert that criminal action was instituted at the insistence of one of more of the Defendants and that said criminal action was terminated in favor of Plaintiff.

**26.**

Plaintiff would assert that the Defendants acted recklessly, with gross negligence, reckless disregard and with malice in instituting the proceeding, and without probable cause, with the aforesaid conduct resulting in damages to the Plaintiff as set heretofore and/or hereinafter.

**27.**

Plaintiff would show unto the Court that the Defendants (1) made an illegal use of process; (2) had an ulterior motive for exercising such illegal use of process; and (3) damage resulted from the perverted use of process.

**28.**

The Defendants Kemp, White and Harper, individually and in their official capacities, along with Mrs. Harbour, conspired with one another to cause, and did cause the false arrest and imprisonment and the malicious prosecution of Mr. Harbour in Violation of the Fourth Amendment to the U.S. Constitution and 42 U.S.C. 1983.

**29.**

As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial herein.

### COUNT III – INADEQUATE MEDICAL CARE AND CONDITIONS OF CONFINEMENT

**30.**

The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

**31.**

The Defendant Sheriff Kemp, in his official capacity, maintained jail policies, procedures, and customs, or lack thereof, with respect to the conditions of confinement medical and mental health care, are woefully inadequate and constitutionally infirm, and violate the constitutional rights of persons confined there. Inmates and detainees are not provided with care consistent with the minimal civilized measure of life's necessities or with the broad and idealistic concepts of dignity, civilized standards, humanity, and decency, or care sufficient to prevent the unnecessary and wanton infliction of pain or death, as mandated by the Fourth and Eighth Amendments to the U.S. Constitution.

**32.**

The conditions of confinement constituted cruel and unusual punishment within the meaning of the Eighth Amendment. The Defendant officials acted with deliberate indifference to Plaintiff's serious medical needs.

**33.**

As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial herein.

### COUNT IV – INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**34.**

The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

**35.**

The Plaintiff alleges that the Defendants, with reckless disregard, inflicted extreme emotional distress upon Plaintiff's mind, spirit, and body. By condoning and/or ratifying the acts of the officers involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

**36.**

The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, to the disregard and detriment of Plaintiff.

**37.**

As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial herein.

**PRAYER FOR APPROPRIATE RELIEF**

**38.**

Plaintiff suffered and will continue to suffer emotional and physical injuries and distress, damage to his reputation, and financial losses as a result of the actions and inactions of the Defendants.

**39.**

The acts and/or omissions of these defendants as described in this complaint were intentional, reckless, and malicious and entitle Plaintiff to an award of punitive damages.

**40.**

The Plaintiff is entitled to an award of attorneys fees and expert fees as costs if they prevail in this litigation pursuant to 42 USCA § 1988.

WHEREFORE, the Plaintiff sued the defendants, jointly, severally, and individually for the sum of one million dollars ($1,000,000.00) as compensatory damages for the unreasonable and unlawful arrest and confinement and malicious prosecution of Plaintiff and for personal physical and emotional injuries and damages of the plaintiff as a direct and proximate result of such unreasonable and unlawful arrest, confinement and prosecution of Plaintiff; for an award of one million dollars ($1,000,000.00) as punitive damages for the unlawful, intentional, and malicious disregard for the constitutional rights of the Plaintiff as guaranteed by the 4th, 8th and

14th Amendments to the Constitution of the United States; and for an award of attorneys fees; expert fees, and all costs of this litigation, and demands a jury to try the issues when joined. Plaintiff further seeks injunctive relief from this Court to require Defendant Clarke County to provide services to its detainees as required by the United States Constitution and also to pay for monitoring of the jail of Clarke County to assure compliance with said order of this Court.

RESPECTFULLY SUBMITTED, this the 23rd day of December, 2013.

_____
DAVE HARBOUR, MBA # 8956
15931 Dauphin Island Parkway
Coden, AL 36523
228-806-8899
daveharbour@me.com